STATE OF MAINE
KENNEBEC, SS.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. AP-2016-53

REBEKAH KARKOS,
            Petitioner

v.

**DECISION AND ORDER**

MAINE STATE BUREAU OF
IDENTIFICATION, SEX OFFENDER
REGISTRY
            Respondent

The matter before the court is the appeal by Rebekah Karkos, a lifetime registrant under SORNA of 1999, from the denial of her application to be relieved of the duty to register. This appeal has been brought in accordance with 5 M.R.S. §§11001-11008 (Maine Administrative Procedure Act), 34-A M.R.S. §11202-A(5) and M.R.Civ.P. 80C.

## FACTUAL AND PROCEDURAL BACKGROUND

On September 8, 1994 the Petitioner was convicted in the Bristol County Superior Court in the Commonwealth of Massachusetts of (1) indecent assault and battery on a child under 14, and (2) rape of a child. As a result, she was required to register for life under the laws of Massachusetts. In May 2001 the Maine State Bureau of Identification (Bureau) was notified that the Petitioner would be moving to Maine but the notification did not say when. Upon her move to Maine, the Petitioner was required to register as a sex offender in this State. 34-A M.R.S. §§11223, 11225-A(4).

The Petitioner filed her initial registration under SORNA of 1999 as a lifetime registrant on April 28, 2005. As a lifetime registrant the Petitioner must

provide written verification to the Bureau every 3 months after the initial registration and once every 5 years in person. 34-A M.R.S. §11222(4-B). In addition, at the time of the initial registration and "on each anniversary of their initial registration," a registrant must pay an annual fee of $25. 34-A M.R.S. §11226.

On April 28, 2016 the Petitioner filed an "Application For Relief From Duty To Register" pursuant to 34-A M.R.S. §11202-A(1)(A) which, as relevant to her, provides as follows:

> . . . . a person is not required to register under this chapter if that person submits to the bureau, in a form to be determined by the bureau, documentation to establish the following: . . . . the person was sentenced in another jurisdiction prior to September 18, 1999, was finally discharged from the correctional system at least 10 years prior to submitting documentation to the bureau under this section and has been in compliance with the registration duties as a resident required under subchapter 2 since September 12, 2009.

By a letter dated June 10, 2016 the Supervisor of the Sex Offender Registry within the Bureau preliminarily denied the Petitioner's application on the ground that she had not been "compliant" with nine separate verification cycles "due to items being received at the Registry after the due dates." The Petitioner was informed that she could submit additional documentation within 30 days to show that the preliminary denial was incorrect, after which the denial would become final. The letter also stated that the Bureau Director (or the Director's designee) "has no discretion to consider factors not addressed in the statute." The denial became final on July 13, 2016. On July 15, 2016 the Petitioner wrote to the Registry to request reconsideration of the denial. Because the Petitioner's reconsideration request provided no additional or new information or documentation, it was denied.

The Petitioner's Rule 80C appeal to this court was filed on August 15, 2016. The agency record was filed on September 8, 2016. The Petitioner's Motion to Take Additional Evidence pursuant to Rule 80C(e) was filed on September 20, 2016 and denied on November 2, 2016. On November 14, 2016 (after the Petitioner had filed her brief) the Respondent filed a Motion to Modify the Record, informing the court that "[d]ue to a computer programming error," the Registry had "mistakenly believed that the Plaintiff was late nine times when I fact she was late only four times." The Respondent's request to remand the case to allow it to modify the record was granted without objection on November 16, 2016. The following day, November 17, 2016, the Respondent filed its brief.

On March 7, 2016 the Respondent filed an "Amendment to Record" in which it represented that only three instances of the Petitioner's failure to comply with her verification requirement under SORNA 1999 were considered by the agency and should be reviewed on appeal by this court. Specifically, in denying the Petitioner's request to be relieved of the duty to register and verify as a sex offender, the Respondent considered the following:

1) Plaintiff's annual fee, 34-A M.R.S. §11226, is due on each annual anniversary of her Initial Registration. Her initial registration was on 4/28/2005. She therefore owed a $25 fee on 4/28/2011. Plaintiff's check was issued on 8/4/2011 and was received by SBI on 8/8/2011, over 100 days late.
2) Plaintiff's 3 month verification form and photo were due on 1/28/2014 and both were received on 1/31/2014, 3 days late.
3) Plaintiff's 3 month verification form and photo were due on 4/28/2014 and both were received on 4/29/2014, 1 day late.

The amended record includes a preliminary denial dated January 12, 2017 and a final denial dated February 14, 2017 based on the three (3)

failures to timely comply with the Petitioner's registration/verification requirements as described above.[1]

## DISCUSSION

The Law Court has frequently reaffirmed the principle that judicial review of administrative agency decisions is "deferential and limited." *Passadumkeag Mountain Friends v. Bd. of Envtl. Prot.*, 2014 ME 116, ¶ 12, 102 A.3d 1181 (quoting *Friends of Lincoln Lakes v. Bd. of Envtl. Prot.*, 2010 ME 18, ¶ 12, 989 A.2d 1128). The court is not permitted to overturn an agency's decision "unless it: violates the Constitution or statutes; exceeds the agency's authority; is procedurally unlawful; is arbitrary or capricious; constitutes an abuse of discretion; is affected by bias or error of law; or is unsupported by the evidence in the record." *Kroger v Departmental of Environmental Protection*, 2005 ME. 50, ¶ 7, 870 A.2d 566. The party seeking to vacate a state agency decision has the burden of persuasion on appeal. *Anderson v Maine Public Employees Retirement System,* 2009 ME. 134, ¶ 3, 985 A.2d 501. In particular, a party seeking to overturn an agency's decision bears the burden of showing that "no competent evidence" supports it. *Stein v. Me. Crim. Justice Academy,* 2014 ME 82, ¶ 11, 95 A.3d 612.

This court must examine "the entire record to determine whether, on the basis of all the testimony and exhibits before it, the agency could fairly and reasonably find the facts as it did." *Friends of Lincoln Lake v Board of Environmental Protection*, 2001 ME. 18 ¶13, 989 A. 2d 1128. The court may not substitute its judgment for that of the agency's on questions of fact. 5 M.R.S. § 11007(3). Determinations of the believability or credibility of the witnesses and evidence, supported by substantial evidence in the record, should not be disturbed by this

---

[1] The Petitioner did not object to the Respondent's motion to remand in order to amend the record on the condition that she would not have to re-file her appeal to this court. The motion to remand was granted with that understanding.

court. *Cotton v Maine Employment Security Commission*, 431 A. 2d 637, 640 (Me. 1981). The issue is not whether the court would have reached the same result the agency did, but whether the "record contains competent and substantial evidence that supports the result reached" by the agency. *Seider v. Board of Examiners of Psychologists*, 2000 ME 206, ¶ 8, 762 A.2d 551 *quoting CWCO, Inc. v. Superintendent of Insurance*, 1997 ME 226, ¶ 6, 703 A. 2d 1258, 1261.

As noted above, a person required to register, such as the Petitioner, is required to pay the $25 annual fee "on each anniversary of their initial registration." 34-A M.R.S. §11226. The record reflects that the Petitioner's annual fee was due on April 28, 2011, but was received by the Bureau on August 8, 2011, more than 100 days after its due date.

The other two incidents upon which the denial was based pertain to the submission of the 3-month verification forms and photographs for January and April 2014. The Respondent determined that the January verification was filed (received) 3 days late and the April documentation was filed (received) 1 day late.

34-A M.R.S. §11222(4-B) mandates that the Bureau verify the registration information of a lifetime registrant in writing "every three months after that lifetime registrant's initial registration date . . . ." The statute sets out how the verification process is to occur, as follows:

A. At least ten days prior to the required verification date, the bureau shall mail a nonforwardable verification form to the last reported mailing address of the lifetime registrant. The verification form is deemed received 3 days after mailing unless returned by postal authorities.

B. The lifetime registrant shall mail to the bureau the completed written verification form and a current photograph every 3 months after that lifetime registrant's initial registration date within 5 days of receipt of the form, . . .

The way the statute is written, the registrant's obligation is to mail the completed verification form and photograph to the Bureau "within 5 days of the receipt of the form . . ." To clarify exactly when the form and photograph must be received by the Bureau, the Registry has clearly marked on the form the "return by" date. Thus, on the 3-month verification forms for January and April 2014, the forms instructed the Petitioner to return the forms by January 28 and April 28, 2014 respectively.

The statutory provision allowing a registrant to be relieved of the duty to register, as applicable to this Petitioner, requires the registrant to show, among other things, that she "has been in compliance with the registration duties . . . required under subchapter 2 since September 12, 2009." Neither the statute nor the rules adopted by the Department of Public Safety relating to SORNA of 1999 provide any standards by which the Bureau Director or his/her designee is to determine whether a registrant "has been in compliance."[2]

The Petitioner argues that there is no evidence that she did not "mail" the 3-month verification forms in a timely manner. This argument might have some facial merit as it pertains to the verification forms due on January 28 and April 28, 2014, that were received by the Bureau 3 days and 1 day respectively after the "return by" date. Her argument has no merit as to the payment of the $25 annual fee that was due on April 28, 2011 but received on August 8, 2011. Indeed, the $25 check was dated August 4, 2011.

The Petitioner also contends that she acted in good faith to comply with her duty to register and that the Respondent has not shown or claimed any prejudice as

---

[2] The Department of Public Safety has adopted "Rules Relating To The Sex Offender Registration and Notification Act of 1999" that address suspension of a registrant's obligation to verify pursuant to 34-A M.R.S. §11225-A(5), where the registrant is no longer domiciled in or a resident of the State. The Rules, however, do not address the exception found in 34-A M.R.S. §11202-A.

a result of her three filing being received by the Bureau after the "return by" dates. In particular, she points out that she has not been charged with any criminal violation of SORNA 1999. Finally, the Petitioner maintains that the forms sent to her by the Registry failed to warn her of the consequences of not returning the documentation by the "return by" dates.

The Respondent counters by pointing out that it is the Petitioner's burden to demonstrate that she "has been in compliance with [her] registration duties," and she failed to present any documentation or other evidence that she mailed the three late verification forms in a timely manner. In fact, the Respondent notes that the information provided by the Petitioner indicated that she was late in mailing at least some of her verification materials. Moreover, the Respondent observes that the test is not whether the Petitioner made a good faith effort to comply or even that she mostly complied. Rather, in order to be relieved of the duty to register as a lifetime registrant, the Petitioner must show strict compliance with her registration duties "since September 12, 2009."

The Legislature has not granted the Bureau Director any discretion in applying the exceptions found in 34-A M.R.S. §11202-A. Being relieved of the duty to register for life is a significant exception under the law and the court agrees that in order to obtain the benefit of that exception the Petitioner must demonstrate strict compliance with the registration duties since September 12, 2009. Neither this court nor the Respondent has any authority to create standards short of strict compliance that the Legislature has not clearly articulated.

Here, at the very least, the Petitioner failed to comply with her duty to pay the $25 annual fee on her anniversary date of April 28, 2011 as required by 34-A M.R.S. §11226. Rather, that fee was not paid until August 8, 2011. By failing to strictly comply with her registration duties under SORNA of 1999 since September

12, 2009, the Petitioner is not entitled to be relieved of those registration duties in accordance with 34-A M.R.S. §11202-A.

## CONCLUSION

The entry is:

The Petition for Judicial Review is DENIED and the decision of the Respondent pursuant to 34-A M.R.S. §11202-A is AFFIRMED.

The Clerk is directed to incorporate this Order into the docket by reference in accordance with M.R.Civ.P. 79(a).

DATED: May 30, 2017

William R. Stokes
Justice, Maine Superior Court

8